**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| LAURA C. GUINAN | ) | Case No. 04-50210-JWV |
| | ) | |
| Debtor. | ) | |
| | ) | |
| LAURA C. GUINAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary Proceeding No. 04-5015 |
| | ) | |
| GATEWAY ACCEPTANCE CORP., | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ISEMAN CORP., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Gateway Acceptance Corp. and Iseman Corp. pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012. The Defendants seek dismissal of this adversary proceeding on the basis that the Plaintiff's complaint fails to state claims upon which relief may be granted. The Plaintiff, Laura C. Guinan, filed a response arguing, in detail, that each claim was adequately pled and supported by the facts alleged. Upon the Court's review of the complaint, motion to dismiss, and response, however, it is apparent that all of the claims alleged in the complaint, whether or not sufficiently pled, are grounded solely on state law and that those claims would be more appropriately adjudicated by a state court. Therefore, instead of dismissing this action under Rule 12(b)(6), the Court will voluntarily abstain from hearing this

adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and dismisses it on that basis. Accordingly, no ruling will be made on the Defendants' motion to dismiss.

## DISCUSSION

The Court exercises its discretion to abstain from this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1), which provides:

> Nothing in this section prevents a district court in the interest of justices, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11, or arising in or related to a case under title 11.

Section 1334(c)(1) speaks only in general terms ("the interest of justice" and "the interest of comity") and does not clearly delineate any specific criteria for a court to reach a discretionary decision to abstain, so courts generally look to the "well-developed notions of judicial abstention when applying section 1334(c)(1)." *Phelps Tool and Die Houston, Inc., et al. v. Welsh, et al.* (*In re Phelps Technologies, Inc.*), 238 B.R. 819, 823 (Bankr. W.D. Mo. 1999). These well-developed notions include a consideration of the following factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
>
> (2) the extent to which state law issues predominate over bankruptcy issues;
>
> (3) the difficult or unsettled nature of the applicable law;
>
> (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;
>
> (5) the degree of relatedness to the main bankruptcy proceeding;
>
> (6) the burden on the bankruptcy court's docket;
>
> (7) the likelihood that one of the parties is forum shopping;

(8) the presence or necessity in the proceeding of non-debtor parties;

(9) the existence of a jurisdictional basis other than 28 U.S.C. § 1334;

(10) the existence of a right to a jury trial and whether the parties do or do not consent to jury trial in the bankruptcy court;

(11) the financial condition of the parties; and

(12) the case's status as a "related" matter rather than a core proceeding.

*See In re Williams,* 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) (citing *In re Phelps Technologies, Inc.*, 238 B.R. at 821 (Bankr. W.D. Mo.1999)). *See also*, *Matter of Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 6 F.3d at 1189 ("Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative.").

The Court finds that factors two and four warrant abstention in this case. First, state law issues do more than just predominate this case - they are the only issues presented by the Plaintiff's complaint (Factor 2). And second, the state-law claims alleged in the complaint would be more appropriate as a counterclaims or as cross-claims in the state-court action currently pending in Caldwell County, Missouri, than as a separate action in the bankruptcy court (Factor 4).

The Court recognizes that the administration of the debtor's estate may be affected if Plaintiff is successful in pursuing her claims against the Defendants in state court, but that factor alone is insufficient to outweigh the fact that all of those claims hinge on state laws, and such claims would be more appropriately adjudicated by a state court. Accordingly, we will abstain from hearing them.

Therefore, for the reasons stated herein, it is

**ORDERED** that pursuant to 28 U.S.C. § 1334(c) the Court exercises its discretion to voluntarily abstain in this adversary proceeding. It is

**FURTHER ORDERED** that this matter is dismissed without prejudice.

**SO ORDERED** this 26th day of October 2004.

/s/     Jerry W. Venters
United States Bankruptcy Judge